Opinion issued December
29, 2011.

 



 

 

 

 

 

 

In
The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-11-00949-CR

____________

 








antonio torrez, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

On Appeal from the 232nd District Court

Harris County, Texas

Trial Court Cause No. 1304207

 

 



MEMORANDUM
OPINION








          Appellant,
Antonio Torrez, pleaded guilty to the offense of aggravated assault with a
deadly weapon.  The trial court found
appellant guilty, and, in accordance with the terms of appellant’s plea agreement
with the State, sentenced appellant to five years’ confinement.  Appellant filed a pro se notice of appeal.  We dismiss the appeal. 

In a plea bargain case, a defendant
may appeal only those matters that were raised by written motion filed and
ruled on before trial, or after getting the trial court’s permission to appeal.  Tex.
R. App. P. 25.2(a)(2).  An appeal
must be dismissed if a certification showing that the defendant has the right
of appeal has not been made part of the record.  Tex. R.
App. P. 25.2(d).

Here, the trial court’s certification
is included in the record on appeal. See
id.  The trial court’s certification
states that this is a plea bargain case and that the defendant has no right of
appeal.  See Tex. R. App. P.
25.2(a)(2).  Appellant did not appeal any
pre-trial matters, and the trial court did not give permission for appellant to
appeal. The record supports the trial court’s certification. See Dears v. State, 154 S.W.3d 610, 615
(Tex. Crim. App. 2005).  Because
appellant has no right of appeal, we must dismiss this appeal.  See Chavez
v. State, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (“A court of appeals,
while having jurisdiction to ascertain whether an appellant who plea-bargained
is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal
without further action, regardless of the basis for the appeal.”). 

Accordingly, we dismiss the appeal
for want of jurisdiction.  All pending
motions are dismissed as moot.

PER CURIAM

Panel consists of Justices Keyes, Higley, and
Massengale.

 

Do not publish. 
Tex. R. App. P. 47.2(b).